Post and others *v.* Koch and others.[1]

*(District Court, E. D. New York. December 14, 1886.)*

1. CARRIERS—OF PASSENGERS—DUTY AS TO LANDING.
    A carrier's contract with his passengers includes the landing of them in the usual and safe way.
2. SAME—INJUNCTION—IMPOSSIBILITY OF LANDING—OBLIGATION OF CARRIER.
    Where a steam-boat was prevented by injunction from landing at the only dock at Sands Point, *held*, that she was under no obligation to her charterers to take passengers to Sands Point, and leave the charterers to provide a way of getting the passengers ashore.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

3. CHARTER-PARTY—GUARANTY—WIFE OF CHARTERER—LIABILITY OF WIFE.
   The wife of one of the charterers guarantied the faithful performance of the
   charter, but without charging her separate estate. *Held*, on breach of the
   charter, that she could not be held liable on her guaranty.

In Admiralty.
*Benedict, Taft & Benedict*, for libelants.
*Geo. H. Fletcher*, for respondents.

BENEDICT, J. A breach of the charter-party is plainly proved. No legal ground for the defendants' refusal to perform the charter is shown. It is proved that the libelants refused to send the boat with passengers to Sands Point on Sunday, the twenty-second of June, 1884; but the service on the libelants of an injunction, forbidding them from landing the boat on Sunday, at the only landing place at Sands Point, justified the libelants in refusing to take passengers for Sands Point on Sunday; and such action by the libelants afforded no legal ground for the defendants' refusal to perform their contract. The defendants are mistaken in supposing that, because the injunction forbade nothing more than the landing of the boat at Harper's dock at Sands Point, they had the right to insist that the boat should take on board passengers for Sands Point on Sunday, and proceed with them to Sands Point, leaving the charterers to provide a way of getting the passengers ashore at Sands Point at some place other than Harper's dock. Landing is part of the contract with a passenger. A breach of the passenger contract, rendering the boat liable for damages, would have been committed had the boat taken aboard for Sands Point passengers who could not be there landed in the usual and safe way. And that no passengers could have been so landed at Sands Point is proved by the fact that Harper's dock was the only dock there, and the use of that had been prevented by the injunction.

The liability of the defendants John Koch and Peter Hults, for the damages resulting from the breach of the charter, is therefore made out. As to the defendant Betsey M. Hults, I am unable to see that she can be held liable, notwithstanding the fact proved that the libelants have her written guaranty for the faithful performance of the charter-party by the other defendants. Betsey M. Hults was, at the time of the making of this guaranty, the wife of the defendant Peter H. Hults, living with him as such. She had no interest in the charter, nor in the business in which the boat was engaged, and there is nothing, either in her written contract, or in the circumstances attending its execution, upon which to base a finding that she intended to bind her separate estate. The libel, as against Betsey M. Hults, must therefore be dismissed, with costs. Against the other two defendants the libelants may enter a decree for $9,378.13, there being some testimony that the libelants' damages amounted to that sum. But if the defendants desire the libelants to prove their damages more fully upon a reference, such reference will be ordered.